# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BETH JEANRILL L. DINSAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00907-TWP-DML |
| | ) |
| RN STAFF INC., | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION IN *LIMINE*

This matter is before the Court on a Motion in *Limine* filed by Defendant RN Staff Inc. ("RN Staff") ([Filing No. 89](#)). Plaintiff Beth Jeanrill L. Dinsay ("Dinsay") initiated this lawsuit against RN Staff for violation of the Trafficking Victims Protection Act after she was paid less than the prevailing wage rate for her work as a physical therapist. The matter is set for a jury trial to begin on July 26, 2021. In accordance with the case management plan, RN Staff filed a Motion in *Limine* to receive evidentiary rulings prior to trial. For the reasons stated below, the Motion is **granted in part and denied in part**.

## I.    LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence

contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

In its Motion in *Limine*, RN Staff seeks a preliminary evidentiary ruling regarding various categories of evidence prior to trial, asking that Dinsay be prohibited from discussing or introducing into evidence certain matters without first obtaining permission from the Court outside the presence of the jury. Dinsay, who is proceeding *pro se*, did not file a response or objection to the Motion in *Limine*[1]. The Court will address each of RN Staff's requests in turn.

**1. Evidence regarding false, incorrect, or fraudulent Form W-2s that RN Staff allegedly issued to Dinsay**

RN Staff argues that Dinsay should be precluded from offering any evidence or argument regarding false, incorrect, or fraudulent Form W-2s that it issued to Dinsay because that claim has been voluntarily dismissed. Dinsay originally asserted two causes of action against RN Staff in her Complaint. The second cause of action for "violation of 26 § U.S.C. § 7434," alleged that RN Staff violated the statute by knowingly issuing false W-2s that did not correctly reflect wages that should have been paid to Dinsay. However, Dinsay voluntarily dismissed this claim, and the Court's Entry on Cross-Motions for Summary Judgment noted that the claim was dismissed. (Filing No. 80). RN Staff argues that Dinsay should not be able to present evidence about the dismissed claim as it would waste time, confuse the issues, and mislead the jury.

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. While this evidence concerning W-2s is not admissible for the purpose

---

[1] On June 1, 2021, the Court on its own motion, recruited counsel for the limited purpose of conducting a settlement conference.(Filing No. 85, Filing No. 91). Dinsay is proceeding *pro se* in all other aspects of trial preparation as well as the scheduled jury trial. Recruited counsel is copied on the distribution list because the rulings in this Order may be relevant during the settlement conference.

2

of supporting a claim that has been dismissed, there may be relevant and admissible purposes for such evidence concerning the remaining claim under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589, especially concerning the wages that Dinsay was paid. Therefore, the Court **denies** the request to exclude all evidence and testimony about the Form W-2s at this pretrial stage and determines that the evidentiary rulings must be deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context.

2. **Evidence or argument regarding any other lawsuit that is pending or unresolved to which RN Staff is currently a party**

RN Staff argues that Dinsay should be precluded from offering any evidence or argument about any other lawsuits that are pending or unresolved to which RN Staff is a party as this evidence is not relevant to the claim for trial in this matter. Additionally, this evidence would be unfairly prejudicial. "Evidence about unrelated lawsuits is inflammatory and likely to prejudice the jury against defendants." *Schmidt v. Klinman*, 2005 U.S. Dist. LEXIS 31206, at *26 (N.D. Ill. 2005).

The Court agrees that this evidence is not relevant to the claim to be tried and would be unfairly prejudicial. Therefore, the Court **grants** this request, and the parties will not be permitted to present at trial any evidence or argument about any other lawsuits that are pending or unresolved to which RN Staff is a party.

3. **Evidence or argument regarding any threat of harm to Dinsay caused by the liquidated damages provision in Dinsay's employment agreement with RN Staff and/or a threat of harm caused to Dinsay by the promissory note**

RN Staff seeks preclusion of any evidence or argument about any threat of harm to Dinsay caused by the liquidated damages provision in her employment agreement or her promissory note. RN Staff points out that Dinsay stated in her affidavit supporting summary judgment that it was not her claim or position that the liquidated damages clause and promissory note constituted a

threat of financial harm to her under the TVPA. Dinsay also stated in her summary judgment affidavit that it was not her position that the stipulated sums in the liquidated damages provision were disproportional to the losses RN Staff likely would suffer if Dinsay prematurely terminated her employment contract. RN Staff contends that evidence concerning the liquidated damages provision and the promissory note is irrelevant to the claim for trial, is unfairly prejudicial and could misleading the jury. Furthermore, courts exclude contract evidence when reasonableness is not at issue and the parties have agreed to the terms.

The Court agrees. Dinsay has not opposed preclusion of this evidence concerning the liquidated damages provision and the promissory note, nor has she offered any reason(s) why such evidence might be relevant to her claim for trial, therefore, the Court **grants** this request.

**4.     Evidence and argument relating to restitution under 18 U.S.C. § 1593**

RN Staff asserts that Dinsay should not be allowed to present evidence or argument about restitution under 18 U.S.C. § 1593 because this statutory provision is only applicable and proper in criminal proceedings. RN Staff points to 18 U.S.C. § 1593(b)(2) and asserts that this subsection explains restitution is enforced under 18 U.S.C. §§ 3664 and 3663A, which are sentencing-related statutes unique to criminal proceedings.

RN Staff contends that the correct damages standard is provided by 18 U.S.C. § 1595, which creates the statutory private right of action and which states that a plaintiff bringing claims under 18 U.S.C. § 1581 may recover "damages and reasonable attorneys fees." Because there is no right to recover mandatory criminal restitution in a civil proceeding, any evidence, argument, testimony, or reference to such mandatory restitution is irrelevant. This would confuse the issues, mislead the jury, and amount to unfair prejudice. Furthermore, RN Staff asserts, Dinsay's

4

Complaint brought the claim under 18 U.S.C. § 1595 and sought recovery for compensatory damages, attorney's fees, and punitive damages, not restitution under 18 U.S.C. § 1593.

The Court concludes that this request is unavailing. RN Staff's argument overlooks the first subsection of 18 U.S.C. § 1593: "Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalties authorized by law, the court shall order restitution for any offense under this chapter." 18 U.S.C. § 1593(a). Dinsay's claim is based on an "offense under this chapter," so restitution is appropriate. The Court **denies** RN Staff's request to exclude this evidence and argument.

**5.     Evidence and argument that Dinsay was legally entitled to receive the prevailing wage**

Next, RN Staff argues that Dinsay should not be allowed to offer any evidence or argument that RN Staff was obligated under federal law to pay her a specific prevailing wage. RN Staff argues that as part of an I-140 petition, an employer must certify that it has the ability to pay the sponsored employee an amount equal to or greater than what is known as the "prevailing wage." While the employer must certify it has the ability to pay the employee the prevailing wage from the time of filing the I-140 application, an employer is not obligated to pay a sponsored employee the prevailing wage until the employee's I-140 petition is granted and the employee obtains lawful permanent residence under an approved I-485 application. Thus, if an employee's I-140 application has not been approved and the employee does not otherwise have permanent residency status, then the employer is not yet obligated to pay the prevailing wage. Further, once an employer is obligated to pay the employee an amount equal or greater to the prevailing wage, the employer is permitted to compensate the employee through commissions, bonuses, or other incentives, if the employer guarantees that the employee will receive an amount that equals or exceeds the prevailing wage.

RN Staff asserts that it is undisputed that Dinsay's I-140 was still pending throughout the duration of her employment with RN Staff, and she did not otherwise have permanent residency status. As such, any duty to pay her the prevailing wage was never triggered. Thus, Dinsay never had a right to be compensated with a specific hourly rate during her employment. Therefore, RN Staff argues, any evidence or testimony that RN Staff was obligated under federal law to pay Dinsay a specific prevailing wage is irrelevant and risks confusion of the issues, misleading the jury, and unfair prejudice.

The Court disagrees with RN Staff's characterization of this evidence. Evidence and argument concerning whether RN Staff was obligated under federal law to pay Dinsay a specific prevailing wage is the central issue of Dinsay's claim; thus, it is relevant. RN Staff's in *limine* argument is appropriately made to the jury during trial. It can present this argument and evidence in opposition to Dinsay's arguments and evidence about any prevailing wage. Therefore, this request for exclusion is **denied**.

### 6. Evidence and argument concerning settlement negotiations

RN Staff next argues that evidence and argument concerning settlement negotiations is inadmissible under Federal Rule of Evidence 408(a). The case law is clear and firmly established that settlement negotiations are not admissible at trial. Therefore, the Court **grants** this request, and the parties will not be permitted to present at trial any evidence or argument about settlement negotiations.

### 7. "Golden Rule Argument"

Next, RN Staff asserts that a "golden rule" argument is one "in which the jury is asked to put itself in the plaintiff's position . . ." *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982), and courts have consistently held that golden rule arguments are improper

because they ask jurors to "depart from neutrality and to decide the case on a basis of personal interest and bias rather than on the evidence." *Id.* Like settlement negotiation evidence, the case law is clear and firmly established that golden rule arguments are not permissible at trial. Therefore, the Court **grants** this request, and the parties will not be permitted to present at trial any golden rule arguments.

8. **Evidence and argument regarding pre-trial discovery disputes**

In this request, RN Staff explains,

> In this action, the parties had discovery disputes. Should Plaintiff attempt to contend at trial that RN Staff's objection to certain discovery requests or motions to limit the scope of certain discovery requests, or motions for extension of time to respond to discovery were allegedly tactics to delay resolution of this action, conceal certain discoverable evidence, and/or a "tacit admission" of liability must be excluded. Such evidence of the parties' pre-trial discovery disputes is not relevant and Plaintiff's only goal in presenting evidence of discovery disputes would be to inflame and unfairly prejudice RN Staff in the eyes of the jury.
>
> All evidence of the parties' pre-trial discovery disputes should be excluded. *See McQuiston v. Helms*, 2009 WL 554101, at *12 (S.D. Ind. 2009) (excluding evidence or reference to the fact that defendants made an objection to certain discovery or asserted a claim of privilege during pre-trial proceedings in this case).

([Filing No. 90 at 10](#).)

RN Staff's argument is well-taken. The Court sees no relevant or admissible purpose for evidence and argument that the parties had discovery disputes before trial, and such evidence could potentially be unfairly prejudicial to RN Staff. Therefore, the Court **grants** this request, and the parties will not be permitted to present at trial any evidence or argument about any discovery disputes that arose during this litigation.

9. **Evidence and argument regarding motions in *limine***

Next, RN Staff argues that Dinsay should not be allowed to offer any evidence or argument that this Motion in *Limine* was filed. RN Staff contends, "Motions in limine serve a gatekeeping

function by allowing the judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Stewart v. Jackson*, 2021 U.S. Dist. LEXIS 81297, at *1–2 (N.D. Ind. Apr. 28, 2021) (internal citation and quotation marks omitted). Furthermore, courts have granted motions in *limine* excluding "[a]ny testimony, evidence or reference to the existence or filing of [the] motion in limine or to the fact that [a party] sought to exclude evidence, or to any ruling on the motion in limine by the Court." *McQuiston*, 2009 WL 554101, at *12.

Again, RN Staff's argument is well-taken. The Court sees no relevant or admissible purpose for evidence and argument that this Motion in *Limine* was filed and ruled upon. Therefore, the Court **grants** this request, and the parties will not be permitted to present at trial any evidence or argument about this Motion in *Limine*.

**10.** **<u>Miscellaneous irrelevant and unfairly prejudicial evidence</u>**

Lastly, RN Staff asks the Court to prohibit Dinsay from presenting the following "irrelevant and unfairly prejudicial evidence":

> 1. References to the probable, expected, or speculative testimony of a witness who is absent or unavailable or not called to testify in this action and other hearsay. *See United States v. Low*, 2006 U.S. Dist. LEXIS 36606, at *30 (D. Haw. 2006) (granting a motion in limine to preclude hearsay);
>
> 2. That RN Staff or any of its employees have been criticized for activities not related to the issues specifically alleged in this action;
>
> 3. Any request that RN Staff's counsel stipulate to the admissibility of any evidence or to any facts in front of the jury, as such would only be done for the purpose of attempting to prejudice the jury, and stipulations are more properly taken up outside the presence of the jury;
>
> 4. References to the amount of money or time spent by RN Staff in the defense of this action, including attorneys' fees, expenses, and costs of litigation. *Tuzzolino v. Mid City Salon Res., LLC*, 2009 U.S. Dist. LEXIS 131210, at *2 (N.D. Ill. 2009) (granting a motion in limine regarding attorneys' fees and costs of litigation);
>
> 5. Evidence, remarks, reference, or inferences regarding the reasons for the resignation or termination of any former RN Staff employees;

6. References to how any jury award of damages will be utilized;

7. Evidence, arguments, remarks, references, or inferences regarding RN Staff changing counsel during this action;

8. Evidence, arguments, remarks, references, or inferences regarding RN Staff's former counsel during this action. *Tuzzolino v. Mid City Salon Res., LLC*, 2009 U.S. Dist. LEXIS 131210, *9–*10 (N.D. Ill. 2009) (granting a motion in limine precluding evidence or remarks by plaintiff concerning the defendant's attorneys);

9. Any remarks or negative statements regarding RN Staff's counsel preparing or assisting in preparation of any pleadings, exhibits, or other documents utilized during depositions, during testimony of witnesses at trial, or during opening and closing statements at trial. *Id.; and*

10. References to the number of attorneys, or support staff assisting the attorneys, representing RN Staff, or making any comparison between the number of attorneys representing RN Staff or the fact RN Staff has hired counsel and Plaintiff is *pro se* (or if at the time of trial Plaintiff has hired counsel, then no discussion that Plaintiff's counsel was recently hired).

([Filing No. 90 at 11](#)–12.)

This request is **granted** as to items 1, 2, 3, 4, 6, 7, 8, 9 and 10 as these items are clearly irrelevant or unfairly prejudicial. However, at this pretrial stage, the Court cannot conclude that item 5, clearly is not admissible for any purpose, and thus determines that the evidentiary ruling concerning "evidence, remarks, reference, or inferences regarding the reasons for the resignation or termination of any former RN Staff employees" must be deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context.

### III.     CONCLUSION

For the foregoing reasons, the Court **grants in part and denies in part** RN Staff's Motion in *Limine* ([Filing No. 89](#)). An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel and Dinsay may approach the bench and request a hearing outside the presence

9

of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel or Dinsay may raise specific objections to that evidence.

**SO ORDERED.**

Date: 6/28/2021

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bryce H. Bennett, Jr.
RILEY BENNETT EGLOFF LLP
bbennett@rbelaw.com

Patrick Stephen McCarney
RILEY BENNETT EGLOFF LLP
pmccarney@rbelaw.com

Beth Jeanrill L. Dinsay
85 N. Long Beach Avenue, Apt. 4A
Freeport, NY 11520

Christopher Terrell Lane
LANE LAW OFFICE
chrislane23@msn.com

Glenn A. Obedin
Naiburg, Obedin & Weissman, LLP
The Courthouse Corporate Center, Suite 4200
320 Carleton Avenue
Central Islip, NY 11722